UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-21116-LEIBOWITZ/AUGUSTIN-BIRCH

JOSEPH ROSEN, *et al.*,

    Plaintiffs,

v.

DAVID SCHLEE, *et al.*,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

This cause comes before the Court on Plaintiffs Joseph Rosen and Pollack & Rosen, P.A's Motion to Compel Amended Discovery Responses, which is briefed at docket entries 39, 45, and 46. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises.

The Court set a discovery hearing on the Motion to Compel for October 27, 2025, at 1:30 p.m. DE 38. However, upon review of the parties' briefing, the Court concludes that a hearing is unnecessary to resolve the Motion to Compel. The Court therefore **cancels** the October 27 hearing.

Plaintiffs contend in the Motion to Compel that Defendants' responses to written discovery requests contain numerous deficiencies and meritless objections. Other than providing a few examples of objections they believe are meritorious, Defendants' opposition does not brief the substance of their discovery responses and objections. Instead, Defendants contend that the

Motion to Compel is premature because they are continuing to amend their discovery responses and supplement their production of documents.

Parties have a continuing obligation to supplement incomplete or incorrect discovery responses. Fed. R. Civ. P. 26(e)(1)(A). But at the same time, there must be some point by which discovery responses are sufficiently complete such that any dispute about them may be brought before the Court. A party cannot avoid Court resolution of a dispute by perpetually stating that it is continuing to amend or supplement its discovery responses.

Given that Plaintiffs served their discovery requests on June 5, 2025, it is past time for Defendants to serve their sufficiently complete responses. Accordingly, the Motion to Compel is **granted** insofar as, by **October 31, 2025**, Defendants must serve on Plaintiffs their most up-to-date amended discovery responses together with the responsive material. The amended discovery responses must comply with the following:

All objections must comply with Local Rule 26.1(e) and the Order Setting Discovery Procedures. DE 34. Nonspecific, boilerplate objections and formulaic objections followed by answers are prohibited. General objections that are untied to a particular discovery request are also prohibited. A party must attempt to obtain clarification from opposing counsel before objecting based on vagueness. A party must support a burdensomeness objection with specific information demonstrating the burden.

All objections based on a privilege or protection must comply with Federal Rule of Civil Procedure 26(b)(5), Local Rule 26.1(e), and the Order Setting Discovery Procedures. A party may make a privilege or protection objection only if actually withholding responsive material based on a privilege or protection. Per Local Rule 26.1(e)(2)(D), any privilege log must be served within **14 days** of service of the discovery response to which the privilege log applies.

Objections to producing material simply because it is confidential are meritless. Confidentiality is not itself a basis to withhold discovery. *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 692 (S.D. Fla. 2011) ("It is well settled that there is no absolute privilege for trade secrets or other confidential information." (quotation marks omitted)); *Kaye v. Fountaine Pajot, S.A.*, No. 07-61284-CIV, 2008 WL 11422469, at *3 n.4 (S.D. Fla. Jan. 7, 2008) (noting that "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery" (quotation marks omitted)). If the parties seek entry of a Confidentiality Order, they must confer on the language of such an Order and move for its entry.

Objections that material is irrelevant or its production is disproportionate given the responding party's own factual or legal position are meritless. *See, e.g.*, DE 39-2 at 17 (objecting that a request for production is irrelevant and disproportionate because Plaintiff Pollack & Rosen, P.A. "has been more than fully compensated for these costs via the withholding of its collections proceeds that should have been remitted to" Defendant DC Portfolio Services, LLC). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any* party's claim or defense and proportional to the needs of the case," not just discovery that is relevant and proportional in light of the responding party's own factual or legal position. Fed. R. Civ. P. 26(b)(1) (emphasis added) (defining the scope of discovery).

A party must provide responsive information that is available to it or under its control. *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) (explaining that "a party must provide information in response to a Rule 33 interrogatory if such information is under its control"); *Ecometry Corp. v. Profit Ctr. Software, Inc.*, No. 06-80083-Civ, 2007 WL 9706934, at *6 (S.D. Fla. Mar. 15, 2007) ("Parties responding to interrogatories cannot limit their answers to information within their own knowledge and ignore information that is immediately available to

him or under his control."). A party must produce responsive material that is within its possession, custody, or control. Fed. R. Civ. P. 34(a)(1) (permitting a party to serve a request for the production of "items in the responding party's possession, custody, or control"); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.").

In the amended discovery responses, withdrawn objections and objections that were raised merely as placeholders must be removed. Each response to a request for production, as well as each interrogatory answer that references documents, must cite the documents at issue by Bates number. A party must ensure that each cited document is responsive to the request and may not simply cite a range of dozens of documents that may or may not be responsive. Answers to interrogatories must be signed under oath. Fed. R. Civ. P. 33(b)(3), (5).

Local Rule 26.1(e)(7) requires a party responding to requests for production to serve a notice of completion of production when all responsive material has been produced. A party must supplement or correct its discovery responses if it learns that prior responses were incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). Withholding responsive information and material may result in sanctions. Fed. R. Civ. P. 37(b)(2), (c)(1).

At this juncture, the Court will not overrule any objections due to a procedural deficiency, such as that responses were untimely, that responses violate the Order Setting Discovery Procedures, or that a privilege log has not been served to date. However, any violation of a rule or Order in the future may result in an objection being overruled and a full response compelled.

Local Rule 26.1(g)(2) provides deadlines to bring a discovery dispute to the Court. Untimely discovery motions may be denied on that basis. Any future discovery hearings in this

case will be conducted **in person** at the Fort Lauderdale Federal Courthouse.  At this juncture, Plaintiffs' request for an award of attorneys' fees is **denied**.

       **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 23rd day of October, 2025.

                                              PANAYOTTA AUGUSTIN-BIRCH
                                              UNITED STATES MAGISTRATE JUDGE