UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-21116-LEIBOWITZ/AUGUSTIN-BIRCH

JOSEPH ROSEN, *et al.*,

    Plaintiffs,

v.

DAVID SCHLEE, *et al.*,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFFS' SECOND MOTION TO COMPEL COMPLIANT DISCOVERY RESPONSES FROM DEFENDANTS

This cause comes before the Court on Plaintiffs Joseph Rosen and Pollack & Rosen, P.A's Second Motion to Compel Compliant Discovery Responses from Defendants David Schlee, Joshua Gindin, DC Portfolio Services, LLC, and Abrahamsen Gindin, LLC. DE 64. The Second Motion to Compel is briefed at docket entries 64, 65, and 66. The Court held a hearing on the Second Motion to Compel on December 12, 2025. The Court has carefully considered the briefing, the arguments of counsel during the hearing, and the record and is fully advised in the premises. The Second Motion to Compel [DE 64] is **GRANTED** as set forth in this Order.

As background, Plaintiffs argued in their first Motion to Compel that Defendants' discovery responses were late, were deficient, and contained boilerplate and meritless objections. DE 39. Defendants responded that the first Motion to Compel was premature because they intended to supplement their discovery responses. DE 45. Plaintiffs replied that Defendants had not provided any supplement, had not clarified what requests they would supplement, and had not even provided a date by which they would supplement. DE 46.

In its Order on the first Motion to Compel, the Court acknowledged that a litigant has a continuing obligation to supplement incomplete or incorrect discovery responses. DE 48 at 2

(citing Fed. R. Civ. P. 26(e)(1)(A)).  But the Court advised Defendants that a litigant "cannot avoid Court resolution of a dispute by perpetually stating that it is continuing to amend or supplement its discovery responses." *Id.*  The Court set an October 31, 2025 deadline for Defendants to "serve on Plaintiffs their most up-to-date amended discovery responses together with the responsive material" within their possession, custody, or control.  *Id.* at 2, 4 (citing Fed. R. Civ. P. 34(a)(1)).

Following that Order, Defendants did supplement their discovery responses, and they served a notice of completion of production as required under Local Rule 26.1(e)(7).  However, it is apparent from the briefing on the Second Motion to Compel and from the arguments during the December 12 hearing that Defendants violated the Court's prior Order and that their notice attesting they completed production is untrue.  As evidence of Defendants' violation, their counsel represented during the December 12 hearing that Defendants are continuing to run searches for responsive material and that, even the night before the hearing, Defendants provided responsive material to their counsel (material they had not yet produced to Plaintiffs, despite the October 31 deadline for Defendants to produce all responsive material within their possession, custody, or control).  As further evidence of Defendants' violation, certain requests ask for trust documents, and Defendants' counsel admitted during the December 12 hearing that responsive trust documents exist that have not been produced.

The Court already ordered Defendants to produce the unobjected-to responsive material that is within their possession, custody, or control.  *Id.*  The Court should not have to do so again. The Court also already apprised Defendants that there are consequences for withholding responsive material.  *Id.* at 4 (citing Fed. R. Civ. P. 37(b)(2), (c)(1)); *see* Fed. R. Civ. P. 37(b)(2) (providing a non-inclusive list of consequences for failing to obey a discovery order); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or

at a trial, unless the failure was substantially justified or is harmless."). The Court should not have to do so again.

Plaintiffs move to overrule Defendants' relevancy and disproportionality objections to request for production #'s 1 and 14 directed to Defendant Abrahamsen Gindin, LLC, request for production #'s 1 and 19 directed to Defendant DC Portfolio Services, LLC, and request for production # 17 directed to Defendant David Schlee. Defendants' objections to those five requests are **OVERRULED**. The organizational documents Plaintiffs seek from Defendants Abrahamsen Gindin, LLC and DC Portfolio Services, LLC in request #'s 1 and 19 are relevant to issues such as identification of the decisionmakers of those entities, and production should not be onerous and is proportionate to the needs of this case.[1] The financial documents Plaintiffs seek from Defendant Abrahamsen Gindin, LLC in request # 14 are relevant and proportionate given Plaintiffs' allegations that Defendant Abrahamsen Gindin, LLC underpaid Plaintiff Pollack & Rosen, P.A. and failed to provide an accounting from which to determine the scope of the underpayment. DE 1 ¶¶ 42, 46–49. And the communications about a partnership that Plaintiffs seek from Defendant David Schlee in request # 17 are relevant and proportionate given Defendants' position that no such partnership existed. DE 29 at 3 (denying allegations of the existence of a partnership); DE 64-1 at 19 ("Defendants deny any such partnership."). By **January 5, 2026**, Defendants must produce the material responsive to these five requests that is within their possession, custody, or control. Also by **January 5, 2026**, Defendants must produce any remaining material that is responsive to any other unobjected-to request and is within their possession, custody, or control.

Part of Plaintiffs' difficulty in ascertaining the sufficiency of Defendants' discovery production is Defendants' refusal to identify the custodians, accounts, devices, or platforms they have searched for responsive material and the date ranges and terms used for the searches. As the

---

[1] Further, during the December 12 hearing, Defendants advised the Court that they withdraw their objections to request # 1 directed to Defendants Abrahamsen Gindin, LLC and DC Portfolio Services, LLC.

Court mentioned during the December 12 hearing, this is basic information that counsel share if they are working cooperatively and in good faith.  By **January 5, 2026**, each Defendant must serve a sworn declaration identifying each custodian whose material the Defendant has searched and, for each custodian, identifying the accounts, devices, and platforms searched and the date ranges and terms used for each search.

Finally, Plaintiffs ask for an award of reasonable attorney's fees and expenses.  That request is **GRANTED** given Plaintiffs' meritorious Second Motion to Compel and given Defendants' violation of the Court's prior order.  *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring a court that grants a discovery motion to order the party whose conduct necessitated the motion, that party's attorney, or both to pay the movant's reasonable expenses incurred in making the motion); Fed. R. Civ. P. 37(b)(2)(C) (requiring a court to order a party who disobeyed a discovery order, that party's attorney, or both to pay the reasonable expenses the disobedience caused).

By **January 5, 2026**, the parties must conduct a good faith meet and conferral on the amount of the fees and expenses award Plaintiffs seek.  By **January 12, 2026**, Plaintiffs must file either (1) a notice indicating that the parties have agreed on a fees and expenses award and providing the amount of the agreed award; or (2) a motion specifying the amount of the award Plaintiffs seek and providing any information and attachments they wish the Court to consider in evaluating the reasonableness of their request, including the information required under Local Rule 7.3(a)(4), (5).  Defendants must file a response to any such motion within **7 days** of the motion's filing.  No reply is permitted absent further Order of the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 18th day of December, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

4